### IN THE

## SUPREME COURT

#### OF

## PENNSYLVANIA.

### Middle District, June Term, 1813.

**MOULSON** *against* **REES.**

### IN ERROR.

1813.

*Sunbury,*
*Wednesday,*
June 2.

If a rule of arbitration misrecites the date of the arbitration law, it is immaterial.

If a plaintiff, by arbitrating his cause, and getting judgment, before the entry of special bail, dispenses with special bail, the defendant cannot assign it for error.

If the cause of action appears in the award, neither statement nor declaration is necessary.

ERROR to *Northumberland,* in which county *Rees* issued a *capias* in case, and referred it to arbitrators, who awarded " that the defendant below should deliver a certain " deed poll to *Rees,* pay all costs of suit, and damage six- " teen dollars."

The exceptions taken to the record were, 1. That the action was arbitrated by the plaintiff below, and tried by the arbitrators, before the plaintiff in error entered special bail, after being arrested on the *capias.* 2. That the cause of action did not appear either in the writ, or in any statement or declaration filed. 3. That the act of Assembly referred to in the rule of arbitration, was of the 19th *March* 1810; whereas there was no such law of that date.

*Maus,* for plaintiff in error.

*Greenough,* contra.

TILGHMAN C. J. delivered judgment.

The arbitration may be entered at any time after the issuing of the writ, which is the commencement of the suit, according to the opinion of the Court in *Hertzog* v. *Ellis,* 3. *Binn.* 209. The plaintiff in this case, although a *capias*

was issued, has dispensed with special bail, as he had a right to do; and this is for the advantage of the defendant. As to the cause of action, it sufficiently appears on the record, that the matter in dispute was a deed, which was described in the award, and for the conversion of which, sixteen dollars damages are given. I consider the action as Trover, and the judgment as relating to the damages only, and not to the delivery of the deed. As for the mistake in the date of the act, it is immaterial. It is a public act, of which the Court must take notice. The mentioning of it by the prothonotary in entering the rule of reference, was surplusage. Besides the title of the act is properly given, although the date is mistaken.