Tilghman C. J.
It is now made a question, whether the plaintiff, by his proceedings under the rule of reférence, did not dispense with the entry of special bail. I should hardly have supposed, that such a question would have been made after the case of Moulson v. Reese, 6 Binn. 32, in which, I think, the point was decided. We have not been quite as strict here as in England, with respect to an implied waver of special bail. We have not considered the bare filing of a declaration as a waver, though it was not filed de bene esse. This was decided in Caton v. M'Carty, 2 Dall. 141, where the reason of our practice is given. But the acceptance of a plea, joining issue, and going on to trial, have always been held a waver of bail. Now what has the plaintiff done in the present case ? He has taken the cause out of Court, had a trial before arbitrators, and obtained a report, which from the time of its entry on the docket of the prothonotary, had, by our act of assembly, the effect of a judgment; and all this, before the return of the writ of capias. According to our practice, the defendant has six weeks after the return of the writ, to enter special bail. But long before this, the plaintiff had obtained his judgment; after which special bail cannot be entered. The matter then is simply this. The plaintiff proceeds in such a manner, as to render it impossible for the *421 defendant to enter special bail, and then sues the bail bond, because special bail was not entered. The case is too plain to admit of argument. But it is said, that great mischief may result from this construction of the act of assembly, because, on the same principle, the defendant, by entering a rule of reference, may take the cause out of Court, and deprive the plaintiff of bail. This a very different matter, concerning which it will be time enough to give an opinion when the case occurs. It need only be said, at present, that it is one thing, for the plaintiff to wave bail by his own act, and another to have it taken from him by the act of the defendant. It is the opinion of the Court, that in the case before them, the proceedings of the Plaintiff amounted to a waver of bail, and therefore the judgment should be reversed.
Gibson J. and Duncan J. concurred.
Judgment reversed.