Per Curiam.
This action was brought by the defendant in error, against the plaintiff in error, before a justice of the peace, *206 who gave judgment for the plaintiff. Rudolph Shank, (the defendant below,) appealed to the Court of Common Pleas, who dismissed the appeal, because the recognizance of bail was not in conformity to the act of assembly.
It appears that the appeal was'entered to August term, 1821. The motion for a rule to show cause why the appeal should not be dismissed, was not made by the counsel for the'plaintiff until the 10th of May, 1823, and on the ISth September, 1823, after argument, the appeal was dismissed.
We have examined the recognizance, and are of opinion that it is bad. The plaintiff cannot recover upon it, — because it is quité different from that which is prescribed by the act of assembly. But the plaintiff suffered the appeal to remain too long in the Court of Common Pleas, before he objected to the recognizance. It was nearly two years before he moved in the business. A motion to dismiss an appeal, on account of a defective recognizance, is somewhat in nature of a plea of abatement, and should be made in reasonable time, otherwise it is to be presumed that the appellee waives all exceptions to the recognizance. It is the opinion of the court, that the delay in this case was unreasonable, and therefore the appeal ought not to have been dismissed. The judgment is to be reversed, and the record remitted, with an order to the Court of Common Pleas to reinstate the appeal, and proceed in the cause.
Judgment reversed, &c,