[PHILADELPHIA, JANUARY, 25, 1830.]

BEIDMAN and others *against* VANDERSLICE and others.

IN ERROR.

In *assumpsit*, or other action upon contract against several defendants, the plaintiff cannot enter a *nolle prosequi*, as to one, unless it be for some matter which may be pleaded as a personal discharge. Thus, if a *feme covert* be one of the defendants, a *nolle prosequi* may be entered as to her.

If an appeal from an award of arbitrators be made without the affidavit required by law, the irregularity is waived by the opposite party taking the costs out of court.

ON a writ of error to the Court of Common Pleas of *Philadelphia* county, the facts appeared to be these:—

On the 1st of *December*, 1827, an action was commenced before *Isaac Boileau*, Esq., a justice of the peace, by *Andrew Vanderslice* and others, the defendants in error, against *Catherine Beidman* and *Michael Faunce*, and *Elizabeth* his wife, the plaintiffs in error, "on a plea of debt or demand arising on contract." The claim was for goods sold and delivered. On the 26th of *December*, 1827, judgment was rendered for the plaintiffs, from which the defendants appealed to the court of Common Pleas, to *March* Term, 1828. On the 18th of *April*, 1828, the plaintiffs entered a *nolle prosequi*, as to *Elizabeth Faunce*, one of the defendants; and on the 11th of the following *November* took out a rule of arbitration. On the 3d of *December*, 1828, the arbitrators made an award in fa-

(Beidman and others *v.* Vanderslice and others.)

vour of the plaintiffs, from which one of the defendants, on the 18th of the same month, appealed, paid the costs, and entered into the proper recognizance; but filed no affidavit as required by law.

On the 20th of *December*, 1828, the plaintiffs obtained a rule on the defendants to show cause why the costs paid in on the appeal, should not be taken out of court; and on the 27th of the same month, they took the costs out of court. No further proceedings were had until the 12th of *January*, 1829, when the plaintiffs applied to the court for a rule to show cause " why the defendants' appeal should not be dismissed for the want of an affidavit, on appealing." This rule the court made absolute, and ordered the appeal to be dismissed.

In these proceedings, two errors were assigned:—

1. That the entry of a *nolle prosequi*, as to one of the defendants, vitiated the proceedings, and the action and judgment could not be sustained.

2. That the Court of Common Pleas erred in making absolute the rule to dismiss the appeal, because the plaintiffs had waived the irregularity by receiving the costs, and by delay.

*Miles*, for the plaintiffs in error, contended,—

1. That, although in actions of trespass against several, the plaintiff might enter a *nolle prosequi*, as to one, yet, in actions arising *ex contractu*, a *nolle prosequi*, as to one, discharged all; and cited 1 *Peters's Rep.* 46.  20 *Johns. Rep.* 126.

2. That the plaintiffs having applied for and received the costs, without any reservation of right, and having been guilty of unreasonable delay in applying to have the appeal dismissed, had waived the irregularity in taking the appeal. *Mayes* v. *Jacoby*, 8 *Serg. & Rawle*, 526.

*Campbell*, for the defendants in error, being desired by the court to confine himself to the last point, said, that, in fact, the money was not taken out of court, and it did not appear by the record that it was.

SMITH, J., (after stating the facts and the errors assigned,) delivered the opinion of the court, as follows:—

As to the first error. It has been long settled, that a *nolle prosequi* does not amount to a *retraxit*, and that it may be entered as to a part of the suit, or as to one of the defendants, where the action is in its nature joint and several, or where the defendants sever in their pleas. Thus, in trespass, or other action founded upon tort, the plaintiff may enter it at any time before final judgment as to one or more of the defendants, and proceed against the others. In truth, it amounts only to an agreement not to proceed in the action against the particular person, and is entered against him for the purpose of obtaining substantial justice. The cases of *Pugsley's Executors* v. *Pell and Wife*, 20 *Johns. Rep.* 126, and of *Minor et al.* v. *The Mechanics' Bank*, 1 *Peters's Rep.* 74, are express

(Beidman and others *v*. Vanderslice and others.)

on this point. But, in *assumpsit*, or other action upon contract against several defendants, the plaintiff cannot enter a *nolle prose- qui*, as to one, unless it be for some matter which may be pleaded in his personal discharges; such as *ne unques executor*, or, in *England*, a certificate of bankruptcy; because the contract being joint, the plaintiff could do no otherwise than bring his action against all the parties; and he ought not, by entering a *nolle prosequi*, as to one, or more of the defendants, to prevent those against whom he might recover from calling upon the others for a rateable contri- bution. Besides, there would be manifest inconsistency in compel- ling the plaintiff to join all the parties to such a contract, in bring- ing his suit, and allowing him afterwards, in the progress of the cause, to sever them by a *nolle prosequi*.

The present action was founded on a joint contract; but one of the defendants was *Elizabeth Faunce*, a *feme covert*, who was not able to enter into a contract, and ought not, therefore, to have been joined.    She was never under any responsibility, nor could she ever be called upon for contribution.    The coverture was proper matter for a plea discharging her from the action, and, consequent- ly, the *nolle prosequi*, as to her, was perfectly legal.

We are accordingly of opinion, that the first objection, assigned as error, is not sustained.

It is, however, important to consider, whether the second objec- tion be sustainable or not, as informal or irregular appeals are of frequent occurrence.    It is true, that in this case, the affidavit, re- quisite on entering an appeal was not filed or made, and, therefore, in this particular, the appeal was not in compliance with the act of assembly, which requires, that the party appealing, shall swear, or affirm, that " it is not for the purpose of delay such appeal is en- tered, but because such party firmly believes injustice has been done;" and I am not aware that this precise point has ever been, *in totidem verbis*, decided in this court.    Yet, it has often been held, that irregularities and neglect of the preliminary requisitions of the law, in taking appeals, are cured by the acquiescence of the adverse party, or by acts which were considered as equivalent to a waiver of his objection.    In *Mayes v. Jacoby*, 8 *Serg. & Rawle*, 526, it was remarked, that there was no difference between an appeal taken out of season (as was the case there) and an appeal taken without having paid costs, made the requisite affidavit, or given the proper security; and any and all of these, may be waived.    In that case, there was a delay of three years.    In the case of *Cameron et al. v. Montgomery*, 13 *Serg. & Rawle*, 128, the delay was more than a year; and in *Shank* v. *Warfel*, 14 *Serg. & Rawle*, 205, it was nearly two years.    In each of these cases, it was considered, that the appellee came too late with his objection; though in the first cited case, there were other circumstances from which, as well as the delay, the defendant's acquiescence in the appeal was inferred, such as his pleading to the *narr.*, joining issue, and taking deposi-

(Beidman and others *v.* Vanderslice and others.)

tions under rules entered for that purpose.    The usual evidence of acquiescence and waiver, consists in an unreasonable delay to make the objection, or in proceeding with the action, as if no such objection existed.    The plaintiff, having entered a rule of arbitration before the time for putting in special bail had arrived, has been held to have waived the special bail.    *Phillips* v. *Oliver*, 5 *Serg. & Rawle*, 419:  So where he filed a statement, appeared by his attorney, and pleaded his cause · before the referees, he was considered as accepting the defendant's appearance without bail.    *Maus* v. *Sitesinger*, 2 *Serg. & Rawle*, 421.

The act of the 20th of *March*, 1810, section 11, provides, that no appeal shall be· allowed, until the appellant pay all the costs, which may have accrued on such suit or action.    In the present case, the defendants paid the costs into the office of the prothonotary, on taking their appeal, but omitted to make the requisite affidavit.    The plaintiffs apply for those costs, and take them· out of court, and then, after all this, turn round, and ask the court to dismiss the appeal, because there is no affidavit.    We think, that their receipt of the costs was as clear an indication of their intention to overlook the irregularity on which their motion was founded, as could have been exhibited.    Had they purposed to insist upon the objection afterwards taken, they ought not·to have touched them. We are accordingly of opinion, that the objection was waived by taking the costs, and that the appeal ought not to have been dismissed.    The judgment of the Court of Common Pleas is therefore reversed, with directions to reinstate the appeal.

Judgment reversed.