## JOHNSON v. M'COY.

December 19, 1835.

*Motion for a rule on sheriff to return the capias ad respondendum.*

Where the sheriff has not returned the *capias ad respondendum*, but the prothonotary takes special bail, and the plaintiff enters a rule of reference, the court will not rule the sheriff to return the writ.

Even without the entry of a rule of reference, the *laches* of the plaintiff, in not applying for such rule on the sheriff, is a decisive objection to its being granted.

The lapse of four terms after the return day constitutes such *laches.*

ON the 8th of November 1834, the plaintiff sued out a *capias ad respondendum,* returnable on the first Monday of December following, on which day, special bail was entered with the prothonotary. March 13th, 1835, the plaintiff filed a *statement* of his cause of action, and on the same day entered a *rule of reference* under the compulsory arbitration act. It did not appear that arbitrators had been chosen.

On the 5th of December 1835, *Jack,* for the plaintiff, applied for a rule on the sheriff to return the writ. He alleged that the sheriff, not having returned the writ, the prothonotary had acted without authority in taking special bail, and he contended the bail was on that account a nullity. He cited, *Impey on Sheriff and Coroner* 100 ; 7 *D. & E.* 109, 239 ; Collins *v.* Snuggs, 17 *Eng. C. L. Rep.* 17.

*P. A. Browne,* on behalf of the sheriff, asserted his belief, that from information derived from the sheriff's officers, the writ had been returned, although it had not been found in the prothonotary's office. But whether or not this were so, he said, was now immaterial, special bail having been taken by the proper officer more than a year before the present application, and no exception having been made to its regularity, but on the contrary, the plaintiff having filed his *statement* and entered a rule of reference subsequently.

PER CURIAM.—This application must be denied. If the writ had not been returned, the prothonotary was not authorized, by the rule of court, to take the bail. His having taken it, then, furnishes some

I.——M

[Johnson v. M'Coy.]

presumption that the return had been made.   But it is unnecessary to rely upon this.   The entry of a rule of reference is, in itself, a *waiver* of bail.   Moulson *v.* Rees, 6 *Binn.* 32 ; Phillips *v.* Oliver, 5 *Serg & Rawle* 419 ; Nones *v.* Gilbaud, 11 *Serg. & Rawle* 9 ; Landis *v.* Bigler, cited in Mechanics Bank *v.* Fisher, 1 *Rawle* 347.   A further decisive objection is the *laches* of the plaintiff, in not having made his application sooner.   Four terms have elapsed since the return day of the writ.

Rule refused.