HERTZOG *against* ELLIS;

*C*HAUNCEY for the defendant, moved for a rule to shew cause why the execution in this case should not be set aside, the judgment opened, and the proceedings under the rule of arbitration rescinded, upon the following facts:

On the 24th of *August* 1810, special bail was entered by the defendant, in consequence of a notice from the plaintiff's attorney, under the act of 20th *March* 1724-5. 1 *St. Laws* 223.

On the 29th of *August*, the plaintiff's attorney entered a rule for the appointment of arbitrators on the 10th of *September*, and they were accordingly appointed in the absence of the defendant. The arbitrators awarded 531 dollars and 82 cents in favour of the plaintiff on the 27th of *September*; and on the 8th of *December*, his attorney issued a *fi. fa.* returnable to the present term.

*Chauncey* contended that all the proceedings subsequent to the entry of special bail were irregular, because in legal contemplation the action was not entered until the term succeeding the notice, namely the present term, and therefore the plaintiff was not intitled to a rule of arbitration at the time when his attorney entered it; The plaintiff derives his right to this rule, exclusively from the act of 19th of *March* 1810, which allows it only after the entry of the suit or action; and whether regard be had to the peculiar mode of instituting suits by notice to enter special bail, to the expressions of the legislature, or to the mischievous consequences which flow from such proceedings as the present, it will appear perfectly plain that the action was not *entered* until the succeeding term.

The notice to enter special bail is a privilege to freeholders in exclusion of the writ of *capias*. It is intended to supply to the plaintiff the place of a *capias*, as to the matter of bail, and to serve as a substantial benefit to a freeholder by taking away his exposure to arrest, leaving him at the same

*Philadelphia, Saturday,* December 22d. Immediately after special bail is entered in compliance with a notice, either party is intitled to enter a rule of arbitration, though before the return day of the term of which the suit is docketed. And in all cases a suit is *entered* within the meaning of the arbitration law, from the moment it is placed on the docket of the prothonotary.

1810.

HERTZOG
v.
ELLIS.

time in the possession of all his rights. It is not meant as a more severe or a more prompt remedy for the plaintiff, but as a more lenient though equally efficient process against the defendant. It is a mere substitute for a *capias*. If a *capias* had issued in this case, no one can pretend that the action would have been in court, before the return day and appearance; or that it would have been *entered* within the meaning of the legislature, until that time. Where then is the ground for saying that it is *entered* at an earlier period, if the mere substitute of a *capias* is used? The notice is always as of the next term; the requisition is to appear as of the next term; the bail is to be entered as of the next term; and therefore in contemplation of law, there is no cause in court until the next term arrives. The recognisance of special bail is not the entry of the action, nor has it more effect than it would have, if it were entered before the return day of a *capias*, in discharge of bail to the sheriff. The bail could not surrender the principal before the return day, and in fact the court have nothing to do with the defendant, until that time. *Newton* v. *Lewis*. (*a*)

The act contemplates the defendant's being regularly in court, before the rule can be entered. The first section directs the rule to be served upon the party his agent or *attorney*, which supposes the party to be in court by attorney. The sixth section treats the cause as one depending in court, by directing that the arbitrators shall reside in the county where the cause or suit is *pending*. The eleventh section gives the party an appeal to the court in which the cause was *pending* at the time of the rule of reference. And the twentieth section authorizes the prothonotary to enter a rule for taking the depositions of witnesses according to the subsisting practice in the courts of the commonwealth, which can only be after the return day of the writ. All these provisions are certainly sufficient to countervail any argument which can be drawn from a literal interpretation of the phrase " *entry* of such suit or action."

A different construction overturns the whole order of judicial proceeding. The judgment and declaration must always be of some term, and the *fi. fa.* should be tested of a

(*a*) *Barnes.* 89. 8 *D.* & *E.* 457. *note.*

1810.

HERTZOG
v.
ELLIS.

term at least while the suit was in existence. But here the process, declaration, judgment and execution all precede the first term, before the cause is in court, and the *fi. fa.* is tested of a term when there was no such cause. No good purpose can be answered by such a construction of the act. It gives a more expeditious remedy against a freeholder, a privileged person, than against any other, which the law could not possibly have intended; and it defaces and destroys the symmetry of judicial proceedings, which is as essential to their justice as it is to their beauty.

*Philips* for the plaintiff insisted, that it was not a question at this time whether a wise thing had been done by the legislature in the passing of the arbitration law, or whether they had paid a proper respect to the ancient and convenient order of judicial proceedings, but whether the act authorized the plaintiff to enter a rule of reference as soon as special bail was filed. Nothing, he said, could be more explicit than the law. It enacts " that from and after the first day of *May* next, " it shall and may be lawful for either party, his her or their " agent or attorney, in all civil suits or actions pending, or " that may hereafter be brought in any court of this com- " monwealth, having either original or appellate jurisdiction " of such suits or actions, to enter at the prothonotary's of- " fice, *at any time. after the entry* of such suits or actions, " excepting appeals &c. a rule of reference &c." What is the *entering* the action? In more than one part of the law, the word is used in the same sense as *bringing* or instituting an action; and in the strictest legal understanding of the language, an action is *entered, brought* or instituted, the moment it is placed on the docket of the prothonotary. If it is brought by summons or capias, the *exit* of the writ is the date of entering the action. If it is instituted by notice to enter special bail, then as no record is made of the suit, until the recognisance of bail is taken, the date of the recognisance is the entering of the action. The moment the prothonotary has a minute of it on his docket, the suit is brought, and the arbitration law comes into operation. The case is much stronger where bail is given, than in the case of ordinary process; for according to our practice the party is in court

1810.

HERTZOG

v.

ELLIS,

from the time of bail entered, and he may be surrendered before the return day of the writ. [TILGHMAN C. J. Has such a practice been recognised? If it has passed *sub silentio*, it is nothing. YEATES J. Such a practice has obtained; but a question on it has never been raised, nor has it been judi- cially recognised.] The practice may be considered as with- in the view of the legislature; but whether or not, notice and the entry of special bail, are a well known and recognised mode of *entering* or commencing an action. As to the con- fusion which so prompt a proceeding, as the present, makes upon the record, it is no greater than is made by a confession of judgment under warrant of attorney, or without warrant before the first term, as is frequently the case.

TILGHMAN C. J. The plaintiff in this cause gave notice to the defendant previous to the commencement of the ac- tion, that unless he entered special bail by a certain time, a *capias* would be issued against him. This is a practice pecu- liar to *Pennsylvania* under an old act of assembly. The de- fendant entered bail, whereupon the plaintiff immediately entered a rule of reference, and conducted the proceedings so speedily, as to obtain judgment and issue execution re- turnable to the term next succeeding the commencement of the action. The question is, whether this proceeding was regular. It depends upon " the act regulating arbitrations," passed 20th *March* 1810. The first section of this act, de- clares, that it shall be lawful for either party, to enter at the prothonotary's office, at any time after the *entry* of the ac- tion, a rule of reference &c. The only point is, what is the *entry* of the action? The defendant's counsel has pointed out many difficulties, and inconveniences, that may result from entering the rule of reference, prior to the term suc- ceeding the bringing of the action. If I considered myself at liberty to alter the law in order to prevent inconvenien- ces, his arguments would have great weight with me. But upon examining the act, I cannot bring myself to doubt about its meaning. The action is *entered* from the time that it is placed on the prothonotary's docket. The *entering* or *bringing* the action is one thing; the appearance in court ano- ther. The first proviso in this same section shews that the

legislature distinguish between the *bringing* of the action, and the first term *after it is brought.* Indeed the distinction is manifest. Where the reference is entered before the first term, the suit may be carried on without appearing in court at all. In the case now before us, the rule of reference was not entered till after special bail was given. It would be extraordinary indeed, if bail could be given before the *entry* of the action. But I ground my opinion, not on the entry of bail, but on what I conceive to be the plain meaning of the words *entry of the action.* It is best that the public should be informed as early as possible, of the construction given to the acts of assembly by the courts of justice, in order, that if there are defects, they may be remedied. My opinion is, that the reference was regularly entered; and therefore the rule to shew cause must be refused.

YEATES J. The question raised in this case rests on the construction of the first section of the " Act regulating arbitrations" passed on the 19th *March* 1810.

The suit originated on a promissory note, by a notice given under the law passed 20th *March* 1724-5 (intitled "An Act to " regulate the practice upon writs of summons and arrest") to the defendant to enter special bail. The defendant entered such bail on the 24th *August* 1810. On the 29th of the same month the plaintiff expressed his determination to have arbitrators chosen on the 10th *September* then next ensuing. Arbitrators were appointed accordingly on that day, the defendant not attending according to notice, who have filed a report for the plaintiff for 531 dollars and 82 cents, upon which judgment has been entered, and a *fieri facias* has issued returnable on the first day of this term. A motion has been made to set aside the execution, judgment, and rule of arbitration, upon the ground that the rule could not be legally entered until the first day of the term, to which a summons or capias could be returned served, or the defendant arrested.

The words of the law are, " it shall and may be lawful for " either party in all civil suits or actions *pending*, or that may " *hereafter be brought* in any court &c. to enter at the pro- " thonotary's office a rule of reference &c." Whether the

rule has been obtained prematurely, or not, must depend on the meaning of the words *pending* or *that may hereafter be brought.* It may be said, that according to the common acceptation of the term, an action may be considered as *brought,* immediately after mesne process has issued; but the legal idea seems to be different as we find it in our books. An action does not *commence* till the defendant makes his appearance, which is not till bail filed. 1 *Sid.* 373. No action can be depending, or declaration filed, until the defendant be in the custody of the marshal, which is bail filed. 2 *Lev.* 13. The entry of the bail gives the court jurisdiction. 1 *Vent.* 135. See also *Carth.* 114.

I rather think the expressions in the act are to be construed according to their legal sense. It seems highly incongruous to take a rule upon a party, before he has appeared. But when he has entered special bail, the jurisdiction attaches; and I take such a case to be within the plain words, and meaning of the law. Demanding an arbitration before the service of process, strikes me as a novelty.

But it has been objected, that by proceeding in this mode, the party obtains a more expeditious remedy, than if he had originated his suit by summons or capias. If this be really objectionable, it may be obviated by the defendant's refusing to enter special bail, and being brought in by process.

It is further objected, that the method of procedure in this instance pursued, destroys the orderly course of judicial proceedings, inasmuch as the *fieri facias* being tested as of the last term, necessarily precedes the day when the judgment was entered. But this seeming incongruity is tolerated in many cases. Where a judgment is entered in vacation, the same remark applies as to the *teste* of the execution issued thereon; and where a bond or note falls due in the vacation, the mesne process to bring in the defendant bears *teste* as of a day previous to the day of payment expressed in such bond or note.

I am of opinion, that the defendant take nothing by his motion.

BRACKENRIDGE J. said he had no doubt that the entry

of the action intended by the act of assembly, was the entry on the docket; and of course that a rule of arbitration might be taken out at any time after such entry upon the docket of the prothonotary.

Rule refused.