*Philadelphia.*

FLANEGAN *against* NEGLEY.

*Saturday,*
December 20.

IN ERROR.

The plaintiff, on taking out a writ of summons, may proceed to arbitration, though the summons is not served.

ERROR to the District Court of the city and county of *Philadelphia.*

In this case, a summons was issued by *Negley* against *Flanegan,* to *March* Term, 1817, but not served. Before the return day of the writ, the plaintiff took out a rule of arbitration, and an award was made. The defendant received notice, but took no part in the proceedings. A *fieri facias* was issued to *March* Term, 1817, which the Court below refused to set aside.

*Kittera,* for the plaintiff in error, contended, that the proceedings were irregular. The act of assembly requires a summons to be served ten days before the Court. That act is not repealed by the arbitration law. It is of no importance to issue a writ never executed. The suit is abandoned by withholding the original writ. If this mode of proceeding is permitted, a summons may be issued against one living in *Pittsburg,* and an arbitration be obtained here.

*Golder,* contra, relied on *Hertzog* v. *Ellis,*(a) and the uniform practice since the decision of that case.

TILGHMAN C. J. *William Negley,* the plaintiff below, took out a writ of summons, against *Stephen Flanegan,* the defendant, in an action on the case, and before the summons was served on the defendant, the plaintiff entered a rule for arbitration. The only question is, whether the rule could be entered under these circumstances. In *Hertzog* v. *Ellis,* (3 *Binn.* 209,) the principle established by this Court, was, that a rule for arbitration might be entered by the plaintiff, at any time after the entry of the action on the docket of the prothonotary. The same principle was affirmed in the case of *Sharp* (in error) v. *Kilgore,* decided at *Chambersburg,*

(a) 3 *Binn.* 209.

last *September* Term. That principle governs the present case. Some of the mischiefs apprehended by the defendant's counsel, can never happen. If a plaintiff should take out a summons against a defendant, living out of the county of *Philadelphia*, and then serve him, out of the county, with a rule for an arbitration, the Court would quash the proceedings as irregular, and a fraud upon the law. The Court, however, are not ignorant of many inconveniences attending the arbitration system. They have, on several occasions, pointed them out. But it would be a breach of duty in them, to assume the right of amending the law. They are bound to give an honest interpretation to the acts of the legislature, according to what appears to them to be their true meaning. When inconveniences are felt, it is to be presumed, they will be remedied, by those to whom the Constitution has entrusted the power. In conformity to the construction already established, I am of opinion, that the judgment in this case should be affirmed.

GIBSON J. was absent.

DUNCAN J. I entirely concur in the opinion just delivered. The issuing of a writ in the construction of the statute of limitations, is the bringing of an action to prevent the limitation running. The entry of an action on the docket, is such commencement of the action, as in the view of the legislature, without more done, would entitle the party to enter a rule of arbitration. The inconveniences arising from this construction, are many, and call loudly on the legislature for amendments and alterations. But this consideration will not justify the Court in departing from the provisions of the act.

Judgment affirmed.