## HANSELL v. NELSON.

September 10, 1836.

*Rule to show cause why judgment should not be entered for want of an affidavit of defence.*

In an action of covenant, it was held that a ground rent deed is an instrument of writing for the payment of money, within the 2d section of the act of assembly of the 28th of March 1835. Per PETTIT, *President,* and STROUD, J.

But where the ground rent had been devised to the plaintiffs, and the land subject to the rent had been assigned to the defendants, and neither a copy of the will under which the plaintiffs claimed, nor a copy of the assignment with a written recognition of acceptance by defendants, was filed with the copy of the ground rent deed, the entry of judgment for want of an *affidavit* of defence under the said act was refused. Per PETTIT, *President,* and JONES, J. STROUD, J. *dissentiente.*

THIS was an action of covenant brought by " William S. Hansell and wife and others, *devisees of Standish Forde* deceased," against " William Nelson, *assignee of John Greer and George Houser.*" The plaintiffs in due time filed a copy of the instrument of writing upon which he alleged suit was brought, which was a deed dated January 31st, 1797, from *Standish Forde* to *John Greer* and *George Houser* in fee of a lot of ground in Penn Township, in which the grantor reserved an annual ground rent of 50 dollars, payable to himself his heirs and assigns. The plaintiff filed no declaration, nor did he file a copy of the will of Standish Forde deceased, nor did he file a copy of any conveyance or conveyances of the land thus subjected to said rent, from John Greer and George Houser to William Nelson the defendant.

The plaintiff moved for a judgment for want of an *affidavit* of defence, under the act of the 28th of March 1835.

On the hearing of the rule, it appeared in fact that by the will of said Standish Forde deceased, the ground rent was devised to the plaintiffs by name, and that the defendant was an assignee by deed, from said John Greer and George Houser, of the land subject to the rent charge.

The plaintiff's counsel stated the action was brought to recover the sum of 325 dollars, arrears of said rent, on the covenant of Greer and Houser for themselves, their heirs, executors, administrators and

*assigns* to pay the rent to Forde, his heirs and *assigns,* contained in the deed of 1797.

*Miles,* against the rule.

The 2d section of the act of 28th of March 1835, designating the cases in which judgments may be rendered for want of an *affidavit* of defence, does not contemplate the present case.   1. A ground rent deed is not "an instrument of writing for *the payment of money.*" The deed contains a grant of land, and also other covenants than those relating to the payment of the rent, upon which covenant may be maintained.   By the act, no declaration is necessary ; the plaintiff is entitled to his judgment by virtue merely of his filing a *copy of the instrument,* that is, the whole instrument.   How then is the defendant to know on which covenant the suit is brought ?   One of the objects of the act was to give full notice to the defendant of the *whole cause of action,* to enable him to specify in his *affidavit,* with precision, the "nature and character" of his defence.   2. But suppose a judgment is rendered, and another suit on the same cause of action is instituted, how are the defendants to plead a *former recovery ?*   Nothing will appear to show on which covenant the judgment was rendered.   The act therefore contemplates instruments of writing for the *payment of money,* and nothing else.   3. But the parties in this case are not parties to the instrument filed.   Title to the rent in the plaintiffs, and a conveyance of the land to the defendants are asked to be presumed.   The act meant that the instrument filed by the plaintiff should show the liability of the defendants on its *face,* and without reference to extrinsic aids.   And how, upon a judgment thus rendered, can a *former recovery* be pleaded in a subsequent suit for the same cause of action, when another plaintiff might show a better title to the rent ?   The parties would not be the same. 4. Again, no *prima facie* liability of any kind on the part of the defendants appears by the *copy of the instrument* filed.   The plaintiff might have filed copies of the will devising the rent to plaintiffs, and deed granting the land to defendants ; but if he had, this would not have helped him.   Bayard *v.* Gillasspy, *ante p.* 256, was the case of a submission and award, the former providing for the latter.   Here this presents a different case ; for although both the ground rent and the land are subject to alienation, yet the original deed does not provide expressly that either shall be aliened, how, or for what estates.   And there may be a  contingent devise, which may require proof outside

[Hansell v. Nelson.]

of the devise itself, that the contingency has happened so that title has vested in the party.

*F. W. Hubbell* (with whom was *Zantzinger*), for the rule.

1. A liberal construction of the act is necessary to render it practically useful. It contemplates this case. The act is to be construed by all its parts. It speaks of "bonds, bills and notes, and *other* instruments for the payment of money." It is sufficient if it contain a stipulation to pay money, although it may contain other undertakings. There is a distinction between the instrument itself, if it contain a promise express or implied to pay money, and the *proof* of something extrinsic, necessary to fix the liability. The latter is to be presumed, unless the defendant denies it, which he has it always in his power to do. Thus, in a suit against an indorser of a bill, the defendant is only liable on proof of *protest*, yet the undoubted construction is to presume the protest, and render judgment on the plaintiff's filing a copy of the bill in due time, unless the defendant, by *affidavit*, denies it. It is essentially a judgment by the *default* of the defendant in not alleging a defence after he has been sufficiently apprised of the subject of the claim against him, and the *onus* is therefore on him. 2. As to the allegation of other covenants, and the plea of *former recovery* not being available, there is in a ground rent deed no other covenant for the *payment of money* except that for the payment of the accruing rent ; and as the court can render judgment in this way for no other cause, the plea of former recovery will always be sustained on the ground that the jurisdiction of the court could not extend to any thing else in this mode. 3. But it is said the parties here are not parties to the original ground rent deed. That is mere matter of proof, which is not required by this act, but it is not matter of substance as to the instrument itself on the grounds stated. Again, the instrument provides for alienation, being to the grantee, his heirs and assigns; and as to the necessity of filing copies either of the will, to make out the case in favour of the plaintiff, or of a conveyance to the defendants, to make out a case against them, it is no more necessary than it is to file the protest in a suit on a bill or note against the indorser.

PETTIT, *President.*—In the original deed the covenant to pay money is express, and depends only on the lapse of time. There is no qualification whatever requiring proof beyond the instrument itself. When the day of payment has arrived, the obligation is free

[Hansell v. Nelson.]

from every thing contingent, conditional or collateral. The ground rent deed is therefore an instrument of writing within what I have always understood to be the sound construction of the act. That it contains other matters besides the covenant to pay money, is not material. They do not affect the portion of the deed now in question, which is complete in itself, and independent of any other covenant of the defendant. A similar suggestion was noticed in Bayard v. Gillasspy (*ante p.* 256). The judgment to be entered under the 2d section of the act of 1835, can refer only to so much of the instrument as comprehends the obligation to pay the rent. Should any difficulty grow out of the circumstance that it does not appear from the instrument itself what is the amount of the arrears alleged to be due, it could not affect the plaintiff's right to a judgment. The date of the deed would designate the maximum of the claim. A writ of inquiry would dispose of the rest of this objection; or, should it be found advisable, the court could refuse to allow the entry of judgment in every instance in which the plaintiff had not filed, with the copy of the deed, a declaration, or a statement showing the exact amount demanded. If the case rested merely upon the character of a ground rent deed, I should then be of opinion that the plaintiff was entitled to a judgment. As this question is of frequent occurrence, it seems to be right that it should be decided.

But the plaintiffs have not filed a copy of the assignment. It is not denied on the part of the defendants, that, having accepted the assignment, they are, as assignees of the grantees mentioned in the deed, liable in this action for any rent that may be due. The law upon this subject is fully explained in Williams v. Bosanquet, 5 *Eng. C. L. Rep.* 72. Both of the original parties covenanted for themselves, their heirs and assigns. The assigns are therefore liable upon the privity of contract. This is the strongest view of the case that can be taken in favour of the plaintiffs; but it shows that the assignment and the acceptance of it, as well as the original deed, are necessary to connect the defendants with the plaintiffs. The assignment, and a written recognition of its acceptance, have become an essential part of the instrument of writing, upon which the plaintiffs rest their claim. The mode of acceptance here is not apparent. If it were not in writing, I do not see how the written chain, which must hold the defendants, can be deemed entire, and consequently how the case can be brought within this particular act of assembly. The requirement of the act is, that a copy of the

[Hansell v. Nelson.]

whole instrument shall be filed. The court could not dispense with this exaction, upon any ground of supposed convenience. Upon this point, then, I think the judgment ought not to be entered.

But again, the plaintiffs are devisees of the original grantor of the land. The original grantees of the land covenanted for themselves, their heirs, executors, administrators and assigns, to pay rent to the original grantor, his heirs and assigns. The assigns of the one party may be regarded as covenanting with the assigns of the other; but whenever a legal transfer in writing is made, that transfer becomes an indispensable part of the instrument, upon which the party entitled to the rent must claim it. Now the will of the original grantor is understood here to designate these plaintiffs *by name,* as owners of this ground rent. A copy of the will would therefore be requisite to complete the instrument of writing, which is the foundation of the plaintiffs' case. The deed, the accepted assignment and the will exhibit a full obligation of the defendants to pay money to the plaintiffs. Nothing less than a copy of the whole, will bring the plaintiffs within this law.

Upon the whole case my opinion is, that the rule should be discharged.

STROUD, J.—This action is *covenant.* The plaintiffs are assignees of the original covenantee, and the defendant the assignee of the original covenantor in the indenture, a copy of which has been filed. The demand, which is the immediate cause of action, is for the payment of ground rent, which the original covenantor and *his assigns,* by terms of unequivocal import, have agreed to pay to the original covenantee and *his assigns.* The action, therefore, is founded upon *privity of contract* between the parties; as plainly so, both in point of fact and in legal contemplation, as if they had severally executed the original deed. Williams *v.* Bosanquet, 5 *Eng. C. L. Rep.* 72.

It is alleged that this action is not within the meaning of the 2d section of the act of assembly constituting this court, because the only expression which can, with any show of propriety, apply to such a case, namely " *other instruments of writing for the payment of money,*" following the enumeration of "*notes, bills and bonds,*" should be construed to comprehend instruments of writing stipulating *for the payment of money only, without the mention of any other subject whatever.*

I perceive no good reason for so restricted an interpretation. The very *letter* of the law is satisfied by the existence of the covenant

[Hansell v. Nelson.]

upon which the action is brought ; *for this is simply and solely for the payment of money.*  The instrument is not the *less* an instrument for the payment of money because it happens to be *more* than this. There is, as usual, I presume, a covenant in this deed to secure the erection of a building within a year from its date.  Suppose the words of the law to have been, " all instruments of writing covenanting for the erection of a building within one year from their date."  Would any one, for a moment, doubt that the act was designed for such a case, although, in another part of the same deed, the *pecuniary* covenant in question was found ?  The deed contains another covenant, binding the grantor and his assigns to release and extinguish the rent upon payment to them, by the grantee or his assigns, of a stipulated sum of money within an appointed period. Suppose language accurately descriptive of such a covenant had been substituted in the statute for that which has been inserted. Would it be a just conclusion, in interpreting this provision in reference to an action founded on such a covenant, to deny its applicability, on the ground that the same instrument also stipulated for the erection of a house ?

It is not denied that the particular covenant upon which the action has been brought *is for the payment of money*, and for that alone.  The truth is, *this covenant* forms the *cardinal purpose* of the deed, so far as concerns the party to whose rights the plaintiffs have succeeded.  The annual sum thus agreed to be paid comprises the *whole consideration* of the conveyance.  The only value of the *counterpart* of the indenture, of which a copy has been filed, is an evidence of their title to demand the annual sum—the *interest*, so to speak, of the whole consideration regarded as *principal.*  Had the covenant, then, been for the payment of this *principal*, instead of the mere *interest*, could it have been gravely contended that it was excluded from the statute ? The consideration not being *executory*, but *executed*, as set forth in the instrument, the case would have fallen within the concession made on every side, in Montgomery *v.* Johnston, just decided (*ante, p.* 324).

Another point made on the argument was, that the whole title of the plaintiffs and defendant should appear upon the record.  Both being assignees of the original parties, copies of the respective assignments to them, it is averred, should have been filed, in connexion with a copy of the original indenture.

If I understood the argument on this point, it was not made to rest either on the *letter* of the statute or its *plain intent.*  It seemed to be

1.—2 T

[Hansell v. Nelson.]

conceded that these were alike satisfied by a copy of the instrument on file.   But it was said, the names of neither of the parties to the action appear in the counterpart of the indenture, of which a copy is furnished ; and how, therefore, is it to be known that a right exists on the part of *the one* to institute the action, and a liability as respects *the other* to respond to it?   The argument thus presented is merely *ab inconvenienti,* and, like every argument of this description, it is essentially a criticism on the law, rather than an exposition.   It admits the law to be *one* way, but asserts that it *ought* to be *another.* This might have weight if addressed to the legislature ;  but a much stronger case should be made out than is exhibited on the present occasion, to justify the court in disregarding the plain intent of the statute.

This doctrine is very well discussed by the late chief justice in Carpentier *v.* The Delaware Insurance Company, 2 *Binn.* 264, in which it was held that where, in an action pending in *the supreme court,* a rule of reference had been entered, and arbitrators appointed under the act of 29th of March 1809, who had made an award, the *appeal* from this award must be taken to the *court of common pleas* and not to the *supreme court.*   It is there said :  " when the meaning of a law is doubtful, the *argument from inconvenience* has great weight ; but when the meaning is clear, it is the duty of judges to construe it according to its intent, *without regard to consequences.* This is the duty of judges in all countries ; but *particularly in this country, where the legislature is convened at least once in every year, so that there are frequent opportunities of removing inconveniences.*"

But in what does the alleged inconvenience consist ?   It is said, in the first place, that the chain of evidence to connect the plaintiffs with the cause of action, is *imperfect,* because the assignment is not filed.   This objection was examined at some length in the case of Montgomery *v.* Johnston.   The assignment is but *evidence* in the cause, and its existence is *presumed* by the law unless denied by the defendant's *affidavit.*   But it is replied, there is nothing on the record to show that the plaintiffs claim by an assignment.   The answer is, and I apprehend it to be full and perfect, " the record shows the action is *covenant* ;  the instrument filed contains a covenant for *the payment of a sum of money* ;  the act of assembly restricts the powers of the court in granting summary judgments to a *pecuniary* demand. The legitimate inferences from this statement are :  1. From the *form* of the action—that it is founded on a sealed writing.   2. *From*

[Hansell v. Nelson.]

*the fact* that *such a writing is* filed—that it is founded *on that instrument.* 3. From *the requisition* of *the law*—that the action rests on the *pecuniary* covenant, and *upon no other part of the instrument.* And 4. *That the plaintiff claims as assignee of the original covenantor named in the filed document, because in point of law he can claim in no other way.*" This disposes of the first branch of the objection.

But the objection continues : " the defendant is *not* named in the instrument filed, and there is no *specification* of the amount claimed by the plaintiffs." These difficulties may be easily resolved. Unless the defendant is, in legal effect, *an assignee* of the original covenantor, he is not liable upon the covenant in the deed ; and if he *is* such an assignee, he *must know* whether or not any rent is due. It is scarcely necessary to subjoin, that all the difficulties which have been here enumerated arising from the relation of either of the parties to the cause of action or to each other, may be met by the *defendant* in his *affidavit* of defence. The *judgment,* unless for a sum certain, like *judgments by default* generally, must be referred to the prothonotary for the assessment of damages, or a *writ of inquiry* resorted to, according to the practice of the court.

The counsel for the defendant, in *the argument from inconvenience,* has given especial prominence to the suggestion that the record, as it now stands, would afford no protection to the defendant in a second suit for the same cause of action. How, it is asked, would it appear that the rent now claimed as a debt had been transmuted into a judgment, and ought not therefore to be recovered again ? I have already anticipated this objection. The nature of the action instituted, the document filed, the provisions of the particular law authorizing the judgment, viewed in connection with the principles of the common law generally, as applicable to the whole matter, establish *conclusively* the subject of the controversy, and the position of the respective litigants, as well in reference to this subject as to each other. It would be tedious to pursue the inquiry into more minute detail; but the investigation so prosecuted will demonstrate that a record made up immediately after the entry of the judgment which has been asked, would afford, under the plea of a *former recovery,* perfect immunity from a future action for the same cause. If this were not so, I confess the objection would fall upon my mind with great force, and would induce no slight hesitation in acquiescing in the conclusion to which I have been carried by a consideration of the obvious meaning of the legislature. But it is worthy of observation,

[Hansell v. Nelson.]

that powerful as this objection undoubtedly is, it was deemed quite inadequate to set aside the plain intent of the arbitration act of the 19th of March 1810, which authorized a rule of reference to be entered immediately on the entry of the action on the docket of the prothonotary, *although the writ had not been returned, nor declaration or statement of the cause of action been filed.* Hertzog v. Ellis, 3 *Binn.* 209. An award of arbitrators under that act became in effect a *judgment,* and yet the record would consist of nothing more than the original process—the rule of reference, the certificate of the arbitrators' appointment, and their award for a particular sum of money.

In discussing the second point raised in the argument of Montgomery *v.* Johnston, I endeavoured to show, by pointing out the legal incidents of the several causes of action conceded to be embraced by the section of the act of assembly under consideration, that the entire chain of evidence to perfect the plaintiff's right to a recovery need not be displayed on the record. It is unnecessary to reiterate those views here. But I take occasion to add as a further illustration and corroboration of my argument, that in regard to a *scire facias on a mechanic's claim,* the act of 28th March 1808, *Purd. Dig.* 596, requires this writ to be issued against the debtor and *owner* of the building ; and such owner we all know often acquires title after the *claim* has been filed. His name, therefore, cannot appear in the *record* of *the claim.* Yet when he is made a party by *the scire facias,* he stands in an analogous predicament with the assignee of the covenantor, who is defendant in the proceeding before us. Equal reason obtains for subjecting the *one* to the operation of the act of assembly as the *other.* And if it be a just construction of the act, that a copy of the assignment to the defendant should have been filed, the same rule demands the existence of the like evidence in regard to the *owner* of the building acquiring title from alienation subsequent to the filing of the mechanic's lien : a measure hitherto deemed altogether supererogatory, and for the exaction of which hereafter, no one, I apprehend, will contend.

Several questions have arisen under this act of assembly upon which the sentiments of the court have not been unanimous. Indeed, the construction of statutes is almost the only source of diversity of opinion amongst us. There is no novelty in this result. Such has been the fate of the judiciary at all times and in all countries. The remark is at least as old as lord Coke's day. The uncertainty of the law was then referred, not to the common law, but to parlia-

[Hansell v. Nelson.]

mentary enactments.    Perhaps no court has fared so well in this particular as the supreme court of the United States; and yet there we have the striking example of Ogden *v.* Saunders, which, after repeated arguments, required for its final adjudication the exercise of no small ingenuity tempered with a liberal share of a forbearing spirit.

JONES, J.—This is an action by the devisees of a ground rent, against the alienee of the land out of which the rent issues, upon a covenant in the deed by which the rent was reserved.    The plaintiffs have not filed a declaration, nor a copy of the will under which they claim, nor of the deed by which the defendant claims from the original grantee of the land; but they have filed a copy of the deed by which the ground rent was reserved.    It does not therefore appear of record, however the fact may be, either that the plaintiffs have a right to this rent, or that the defendant is liable to pay it, either by reason of contract or tenure.    The plaintiffs however ask a judgment against him for want of an *affidavit* of defence, under the 2d section of the act of 28th March 1835.    If such a judgment would not be erroneous, it is difficult to conceive what degree of irregularity would amount to error.    The defendant is required by the writ to appear and answer the plaintiffs in a plea of covenant, and yet there is not an averment of any kind upon the record for the defendant to answer, nor does it appear, by the deed filed, that the plaintiffs have a right to sue for the rent, nor that the defendant is liable to pay it. Yet the court is called upon solemnly to adjudge that the plaintiffs do recover against the defendant such arrearages of rent, if any, as may be due under this deed.    In the case of Barbe *v.* Davis (*ante p.* 118), I intimated an opinion that the 2d section of the act under consideration is, in effect, supplementary to the act of 1724—5 to regulate the practice upon writs of summons and arrest; that the service of the writ must be made under that act, and a declaration filed; and if the defendant does not appear, judgment for default of appearance, or by *nihil dicit,* should be taken under that act.    I still think that to be the correct practice.    But whether it be the necessary result of a just exposition of this act of assembly or not, still the court should, in all cases, require a declaration.    It is indispensable to the symmetry and the sense of the record in all cases; and in many cases, undoubtedly within the act, it is necessary, to show the ground of the defendant's liability—for his liability often depends upon facts extrinsic to the instrument.    But to go further, and give judgment with-

[Hansell v. Nelson.]

out a declaration against a defendant, upon the ground of an instrument filed to which he is not a party, in favour of a plaintiff who acquires no right by it, is a shocking anomaly, and without the oral statements of the parties would appear to be gross injustice.  Upon this ground I concur with the president of the court in refusing the judgment.  The question whether a ground rent deed is an instrument of writing for the payment of money within the meaning of the act, need not be decided in this case; but my views upon the general question of construction have been expressed in other cases.

Rule discharged.