# DECISIONS.

*Court of Common Pleas, Dauphin County, September 9th, 1851.*

## HUMMEL *v.* SINGER.

An agreement to pay ground-rent comes within the rule of court requiring an affidavit of defence. But it is necessary for the plaintiff to file the agreements through which he claims, or if the contract is by parol to make sufficient averments.

BY THE COURT.—There is no doubt that an action of debt or covenant, founded on ground-rent due, comes within the fifty-second rule of court, requiring the defendant to make an affidavit of defence. It is an "instrument of writing for the payment of money." This subject was carefully considered in Hummel *v.* Nelson, 1 Miles, 340; Watkins *v.* Phillips, 2 Wh. 209. The only doubt arises from that provision in the rule requiring the plaintiff to file a copy of the instrument of writing, record, or claim on which the writ is founded. Here the original ground-rent deed is filed, which is certainly the same to all legal intents as a copy, and even more beneficial to the defendant; but, unfortunately for her case, that is a deed or writing between other parties. The various acts of Assembly and rules of court on this subject evidently contemplate, for the most part, a direct contract between the parties to the action. Yet, where there exists that kind of privity which arises between assignor and assignee, devisor and devisee, or the transferee of a tenant of devised premises with a covenant express or implied to pay the rent, I have no doubt that judgment may be taken if an affidavit of defence is not filed. Yet in all these cases the plaintiff must file copies of the assignments or papers through which he claims, or when the writings are of record in the proper county, they must be accurately described and referred to. This was decided in Hummel *v.* Nelson, before cited. In the present case, the plaintiff was bound to file a copy of the will of Frederick Hummel, deceased. Also of the article of partition between Frederick Hummel, one of his devisees, and Daniel Hummel, and the will of Daniel Hummel, under which she claims; or, if all of these papers are

on record in this county, they must be referred to by date and the page of the book on which they are recorded. A question of greater difficulty is presented. Is the plaintiff bound to file copies of the deeds or writings through which the defendant is supposed to claim? To so determine seems like a denial of the benefit of the rule to her. Yet that is the principle of Hummel *v.* Nelson. Where the obligation is not signed by the person to be charged, the privity or foundation of the contract must be shown. Here it is said that the defendant holds the estate through assignment or transfer of the original tenant. To enable the plaintiff to recover, she must show on the trial privity of contract or estate between the original tenant and Singer, the defendant. It would not be sufficient for her to show the original lease and her rights under it, and that the defendant is in possession. She must show how he came into possession, and trace it to the tenant under the lease. If bound to prove it on the trial, why not call on her in advance to file the evidence or copies of the writings? I can see no legal ground to exonerate her. Therefore I am of opinion, that to entitle her to judgment for want of an affidavit of defence, copies of the papers, so far as they exist, must be filed, tracing the covenants or obligations from the defendant to the plaintiff, and when the links are not in writing the facts must be averred. For want of this we must refuse the application for judgment.

*Fisher,* for plaintiff.

*McCormick and Rawn,* for defendant.